UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| REGINALD PATRICK MCCRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:17-CV-2558 DDN |
| | ) | |
| CORIZON HEALTH CARE, | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Reginald Patrick McCray, a prisoner at St. Louis City Justice Center, for leave to commence this action without prepayment of the filing fee. Having reviewed plaintiff's financial information, the Court will assess an initial partial filing fee of $1.00. In addition, the Court will allow plaintiff the opportunity to submit an amended complaint.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds

1

$10.00, until the filing fee is fully paid. *Id.*

In this case, plaintiff filed a letter with the Court stating that he has asked for six months for a copy of his inmate account statement, and his case worker has refused to provide it. In his motion, plaintiff states he has $254.00 in his prison account, however he is no longer employed with the prison's work program and cannot expect future deposits. The Court also notes that plaintiff has submitted bills from St. Louis University Hospital in which he owes more than $5,500.00 for medical care. Therefore, the Court will require plaintiff to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a

pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action to redress violations of his civil rights, and names Corizon Health Care ("Corizon") as defendant. Plaintiff alleges that he slipped and fell on the ladder of his bunk bed at the St. Louis City Justice Center ("Justice Center"), and twisted his knee badly. Dr. Fuentes, who practices at the Justice Center, ordered x-rays, which revealed the injury, and sent plaintiff to St. Louis University Hospital. The doctors at St. Louis University Hospital told plaintiff he would need surgery, and sent him to a bone specialist.

On April 25, 2017, plaintiff saw a bone specialist, Dr. Kyme, who confirmed that plaintiff needed surgery. Dr. Kyme scheduled plaintiff to see a physical therapist first, whom he saw on June 6, 2017. The physical therapist said she could not treat plaintiff until he received knee surgery because his knee had "set popped out of socket for so long that the surgery was a must before she could continue to help me." Dr. Kyme and the physical therapist sent plaintiff back to the Justice Center with a note stating plaintiff needed an MRI prior to surgery.

Dr. Fuentes scheduled plaintiff for an MRI on July 3, 2017. For unknown reasons, however, plaintiff did not go to the MRI on his scheduled date. Dr. Fuentes has told plaintiff that there is no more she can do for plaintiff because "her boss won't let her send [him] to surgery." Plaintiff complains that his knee is very painful, and he has to walk with the assistance of a walker.

For relief, plaintiff seeks payment for his surgery and any unpaid hospital bills. Plaintiff also seeks $2,000,000.00 to compensate him for future surgeries and lost work.

**Discussion**

Plaintiff has named only Corizon as a defendant in this action; however, Corizon is not an entity that is subject to a suit such as the one at bar. Corizon can be held liable in a lawsuit only for its unconstitutional policies or practices. It cannot be held liable for the actions of its employees under a theory that employers are responsible for the actions of their employees. *See Burke v. N.D. Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). In other words, Corizon is liable here only if it had a "policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). A "policy" for purposes of § 1983 is "an official policy, a deliberate choice of a guiding principle or procedure made by an official with authority." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). "Custom" means a "persistent, widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). Plaintiff has failed to allege that Corizon had a policy, custom, or official action that inflicted an actionable injury, and therefore his complaint fails to state a claim against Corizon.

Plaintiff has not alleged any claims under § 1983 against the individual doctors involved, and therefore the Court cannot evaluate the complaint as to any individuals involved in his care and treatment.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the

amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[1]

In the "Statement of Claim" section, in separate, numbered paragraphs plaintiff should set forth the specific factual allegations supporting his claim or claims against each defendant, as well as the constitutional right or rights that defendant violated. Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice.**

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 8, 2018.