## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DISTRICT

REGINALD PATRICK MCCRAY,     )
                                    )
        Plaintiff,               )
                                      )
     v.                             )     No. 4:17-CV-2558 DDN
                                      )
IVOR GARLICK, M.D. and        )
FE FUENTES, M.D.,             )
                                      )
        Defendants.          )

### MEMORANDUM AND ORDER

This matter is before the Court following plaintiff's submission of his amended complaint.[1] After reviewing the amended complaint, the Court will order the Clerk to issue process or cause process to be issued on the amended complaint.

### Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

---

[1]    In an Order dated February 8, 2018, the Court granted plaintiff's motion to proceed in forma pauperis in this action. *See* ECF No. 9. The Court ordered plaintiff to amend his complaint because he had named only Corizon as a defendant, and Corizon is not an entity subject to suit in this case. *Id.*

Plaintiff has attached the Court's Order dated February 8, 2018 to his amended complaint, which the Court will construe as a part of the pleading for all purposes. *See* Fed. R. Civ. P. 10(c).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### The Complaint

Plaintiff brings this action to redress violations of his civil rights, and names Dr. Ivor Garlick and Dr. Fe Fuentes as defendants. Plaintiff alleged in his original complaint that he slipped and fell on the ladder of his bunk bed at the St. Louis City Justice Center (the "Justice Center"), and twisted his knee badly. He complains that his knee is very painful, and he has to walk with the assistance of a walker. *See* ECF No. 10-1.

Dr. Fuentes, who practices at the Justice Center, ordered x-rays, which revealed the injury, and sent plaintiff to St. Louis University Hospital. The doctors at St. Louis University Hospital told plaintiff he would need surgery, and sent him to a bone specialist. In his amended complaint, plaintiff alleges Dr. Fuentes has not followed the bone specialist at SLU Hospital's orders to have an MRI performed on plaintiff's knee. Plaintiff alleges Dr. Fuentes will not schedule the MRI because her supervisor, Dr. Ivor Garlick, will not approve it because of the cost of the MRI and subsequent surgery.

For relief, plaintiff seeks payment for his surgery and any unpaid hospital bills. Plaintiff also seeks $10,000.00 to compensate him for his pain and suffering.

### Discussion

To prevail on his Eighth Amendment claim, plaintiff must show that (1) he suffered from an objectively serious medical need, and (2) defendants knew of, but deliberately disregarded,

that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). Based on plaintiff's amended complaint, he has been ordered by the bone specialist at SLU Hospital to have an MRI prior to surgery on his injured knee. Defendants have refused to send plaintiff for the ordered MRI, and thus have effectively refused plaintiff his needed surgery.

Liberally construed, plaintiff's amended complaint states a plausible claim for violation of his Eighth Amendment rights by defendants Dr. Fuentes and Dr. Garlick. The Court will order the Clerk to issue process or cause process to issue upon the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this **13th** day of April, 2018.

DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE